RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0274-MR

ASHLEY DOUGLAS                                                          APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.      HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 23-CI-01412

LADARRIUS PAGE; AMBER
MURREY; COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES;
SHANNON DOYLE; AND
UNKNOWN FATHER OF A.P.                                                 APPELLEES

OPINION REVERSING IN PART
AND AFFIRMING IN PART

** ** ** ** **

BEFORE:  ACREE, A. JONES, AND KAREM, JUDGES.

ACREE, JUDGE:  Ashley Douglas appeals the Warren Circuit Court, Family
Division's dismissal of her custody petition based on a lack of standing.  We
reverse in part, and affirm, in part.

Douglas filed her custody petition in October 2023 seeking "custodial rights and rights of visitation for the minor children, A.D. (age 13); A.P. (age 5); and L.P. (an infant)." (Record (R.) 2). The mother of the minor children is deceased, and Douglas is the children's maternal aunt. At the time Douglas filed her petition, she had physical custody of A.P., while appellees Shannon Doyle and Amber Murrey had physical custody of A.D. and L.P. (R. 2-3).

The Cabinet for Health and Family Services (Cabinet) filed an answer admitting all of Douglas's claims in her petition, except to note that Douglas had "physical custody of [A.P.], but [A.P.] is in the custody of the Cabinet." (R. 15).

Doyle and Murrey filed a motion to dismiss based on a lack of standing, arguing that, as to A.D. and L.P., Douglas never had physical custody, did not have statutory *de facto* custody, and did not qualify as a statutory "person acting as a parent."

Upon Doyle and Murrey's motion, the family court dismissed the action in its entirety,[1] and this appeal followed.

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no

_____

[1] Appellees indicate "[t]here are two children at issue in this appeal, A.D. (age 14) and L.P. (age 19 months)[.]" (Appellee's Brief 1), and note: "There is a third child included in the underlying action, A.P. (age 6). That child is not subject to this appeal." (Appellee's Br. 1 n.1). But the family court's order dismissing stated it was "a custody case involving three siblings," and ordered "this case shall be and hereby is dismissed." (R. 48, 49). It appears the family court dismissed the action as to all three children.

deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). In this matter, the family court granted dismissal for want of standing, and the question of standing is likewise a question of law we review *de novo*. *Cabinet for Health and Family Services v. Batie*, 645 S.W.3d 452, 464 (Ky. App. 2022).

Douglas first argues she has standing to pursue custody pursuant to KRS[2] 403.800 *et seq*. KRS 403.822 indicates a "person acting as a parent" has standing to bring a custody action. *Mullins v. Picklesimer*, 317 S.W.3d 569, 575 (Ky. 2010). Under KRS 403.800(13), a "person acting as a parent":

> means a person, other than a parent, who: . . . (a) Has physical custody of the child or has had physical custody for a period of six (6) consecutive months, including any temporary absence, within one (1) year immediately before the commencement of a child custody proceeding; and . . . (b) Has been awarded legal custody by a court or claims a right to legal custody under the law of this state[.]

Douglas averred in her petition she has physical custody of A.P., but not A.D. or L.P. (R. 3). The Cabinet, which has legal custody of all three children, admitted Douglas has physical custody of A.P. (R. 15). As Douglas has physical custody of A.P. and claims a right to legal custody under the law of this state, Douglas is a "person acting as a parent" to A.P. pursuant to KRS 403.800(13)(a), and thus has standing to pursue the instant custody action with respect to A.P. The family

---

[2] Kentucky Revised Statutes.

court's dismissal with respect to A.P. must be reversed. Appellees do not dispute this, as they indicate in their brief the family court order only dismissed the action with respect to A.D. and L.P. *Supra*, n.1.

However, as Douglas has conceded she does not have physical custody of A.D. or L.P., if Douglas has standing to bring the instant custody action with respect to them, it cannot be based on current physical custody. Pursuant to KRS 403.800(13)(a), a petitioner may also qualify as a "person acting as a parent" if they previously "had physical custody for a period of six (6) consecutive months, including any temporary absence, within one (1) year immediately before the commencement of a child custody proceeding[.]" But Douglas did not allege in her petition that she ever had physical custody of A.D. or L.P., much less for the requisite amount of time. A subsequent affidavit filed by Douglas (R. 45-47), asserted Douglas acted as a mother to all three children for an unspecified length of time but does not assert six months of consecutive physical custody, even within the understanding expressed in *Mullins* that "there is no longer a requirement of physical custody to the exclusion of the parent[.]" 317 S.W.3d at 575. If Douglas lacks "person acting as a parent" standing with respect to A.D. and L.P., she cannot proceed as to them because she has not identified an alternative basis for standing.

Beyond KRS 403.800 *et seq.*, Douglas argues she has standing to bring the instant custody action pursuant to KRS 620.110, which reads in full:

Any person aggrieved by the issuance of a temporary removal order may file a petition in Circuit Court for immediate entitlement to custody and a hearing shall be expeditiously held according to the Rules of Civil Procedure. During the pendency of the petition for immediate entitlement the orders of the District Court shall remain in effect.

As indicated by the allowance of "a petition in Circuit Court," KRS Chapter 620 relates to dependency, neglect, and abuse actions in district court and allows petitions in response to "temporary removal orders." Douglas has not indicated at any juncture the children are subject to temporary removal orders. KRS 620.110 is inapplicable.

Finally, Douglas argues she would have standing to intervene in an adoption pursuant to *Baker v. Webb*, 127 S.W.3d 622 (Ky. 2004), and so it follows she has standing to pursue the instant custody action. We were confronted with the same argument in *Batie*, a case in which "a nonparent relative who [was] neither a *de facto* custodian, KRS 403.270(1), nor a person acting as a parent, KRS 403.800(13)," argued they had "standing to sue for a child's custody based on the relationship alone[,]" citing *Baker*. 645 S.W.3d at 464. Because *Baker* "does not analyze the same question[,]" we said that *Baker* was "distinguishable on its face." *Batie*, 645 S.W.3d at 464.

Nonetheless, we undertook to explain the "identified interest" in *Baker*, which furnished standing, was "the right of known relatives to be

'evaluated for relative placement, as mandated by [the Cabinet's] own policies and regulations,' after which the Cabinet can 'make an informed recommendation to the circuit court as to the best placement option for the child' during the temporary removal phase." *Batie*, 645 S.W.3d at 465 (citation and emphasis omitted). We also noted that interest lapses once a temporary custody order is "replaced" with a disposition order. *Id.* at 467. Finally, we restricted application of *Baker* to those situations "when courts are faced with such unusual facts as found in that case[,]" to be invoked "upon proof the intervenor: (1) is known to the Cabinet, KRS 620.090(2); (2) is 'a relative who has been denied consideration' for placement[;] and (3) asserts the interest while the child is still subject to an order of temporary custody under KRS 620.090(1)—*i.e.*, before the 'present' interest under KRS 620.090(2) lapses." *Batie*, 645 S.W.3d at 468 (citations omitted).

      *Baker* does not furnish Douglas with standing to pursue the instant custody action. Again, Douglas has never asserted the children are subject to temporary custody orders. Further, although Douglas alleged in her response to the motion to dismiss that she is "a relative who has been denied consideration," (R. 43), she contradicted this in her accompanying affidavit, in which she indicated the reason the Cabinet would not place A.D. or L.P. with her was because of "a pending charge for possession of marijuana." (R. 46). By her own account, Douglas was rejected for placement, not denied consideration.

Douglas has standing to pursue the instant custody action with respect to A.P., but not A.D. or L.P.  Accordingly, the Warren Circuit Court, Family Division's February 20, 2024 Order Granting Motion to Dismiss is reversed in part—as it pertains to A.P.—and is otherwise affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES
SHANNON DOYLE AND AMBER
MURREY:

Casey A. Hixson
Bowling Green, Kentucky